United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-4079

_____

|                                  |     |                              |
| -------------------------------- | --- | ---------------------------- |
| United States of America,        | *   |                              |
|                                  | *   |                              |
| Appellee,                        | *   |                              |
|                                  | *   | Appeal from the United States |
| v.                               | *   | District Court for the        |
|                                  | *   | Eastern District of Missouri. |
| Steven Crockett,                 | *   |                              |
|                                  | *   | [UNPUBLISHED]                 |
| Appellant.                       | *   |                              |

_____

Submitted: March 20, 1998
Filed: March 26, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Steven Crockett pleaded guilty to possessing more than five grams of "cocaine base (crack)" with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court,[1] using the Guidelines for crack cocaine, sentenced him to concurrent prison terms of 70 months plus four years supervised release. Crockett appeals his sentence, and we affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Crockett argues, as he did below, that the use of the disparate sentencing scheme for crack as opposed to powder cocaine violated his Fifth Amendment right to equal protection and due process; and that our prior decisions on this issue are no longer applicable in light of the United States Sentencing Commission's April 1997 report and the proposal of Attorney General Reno and Drug Czar McCaffrey (forwarded to Congress by President Clinton), both of which recommend modifying the sentencing scheme. Congress has not changed the law, however. We thus agree with the government that Crockett's challenge is foreclosed by our prior decisions upholding the constitutionality of the 100-to-1 ratio, see, e.g., United States v. Carter, 91 F.3d 1196, 1197-99 (8th Cir. 1996) (per curiam); United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995), cert. denied, 116 S. Ct. 1684 (1996), and that we may not overrule those decisions, see United States v. Prior, 107 F.3d 654, 660 (8th Cir.) (one Eighth Circuit panel may not overrule another panel's decision), cert. denied, 118 S. Ct. 84 (1997).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.